IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KATHLEEN K. BOYLAM, | ) | |
| Plaintiff, | ) | 8:16CV421 |
| V. | ) | |
| NE LABOR DEPARTMENT, | ) | **MEMORANDUM AND ORDER** |
| Defendant. | ) | |

This matter is before the court on initial review of Plaintiff's Complaint. (Filing No. 1.) For the reasons that follow, the court finds that this action should be dismissed.

### I. SUMMARY OF COMPLAINT

Plaintiff's Complaint is brought against the Nebraska Department of Labor, purportedly under the Fair Labor Standards Act. Plaintiff alleges that she has been unlawfully denied unemployment compensation. As relief, Plaintiff seeks an award of unemployment benefits.

### II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their

claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff's Complaint fails to state a claim upon which relief can be granted. The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See*, *e.g.*, *id.*; *Nevels v. Hanlon,* 656 F.2d 372, 377-78 (8th Cir. 1981). Here, Plaintiff seemingly seeks monetary damages against the Nebraska Department of Labor. There has been no showing that Nebraska has waived Eleventh Amendment immunity for suits to recover unemployment benefits in federal court. Therefore, Plaintiff's claims are barred by the Eleventh Amendment. *See Getachew v. Nebraska Department of Labor*, No. 4:13CV3182, 2014 WL 1465893 (D. Neb. April 14, 2014).

Moreover, Plaintiff's Complaint suggests that Plaintiff wants this court to review the merits of a state court decision denying her claim for unemployment benefits. To the extent Plaintiff seeks such relief, her action is barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). *See also Mitchell v. North Carolina Division of Employment Section*, 76 F. Supp.3d 620, 625 (E.D. N.C. 2014) ("To the extent that [the plaintiff] asks this court to review the merits of the decision denying his request for unemployment benefits compensation and to award him unemployment benefits, the court lacks subject-matter jurisdiction over such a request"). Accordingly, this action will be dismissed.

IT IS THEREFORE ORDERED that this case is dismissed without prejudice. Judgment will be entered by separate order.

DATED this 29th day of November, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge